IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY CUNNINGHAM,

    Petitioner,

v.                                          Civil Action No. 5:10CV58
                                                (Criminal Action No. 5:01CR10-02)
UNITED STATES OF AMERICA,                          (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

Pro se[1] petitioner, Gary Cunningham, was sentenced to 192 months imprisonment following his conviction on four counts of illegal use of a communication facility to distribute cocaine. The petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit dismissed the appeal as untimely.

On August 29, 2002, the petitioner filed his first motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The motion was denied by this Court on July 25, 2003. The petitioner then filed a notice of appeal, and the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal on October 21, 2003. The

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (9th ed. 2009).

Fourth Circuit then denied the petitioner's petition for rehearing and rehearing en banc on January 26, 2004.

On June 4, 2007, the petitioner filed his second motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255. That motion was also denied by this Court on August 28, 2009, as a successive petition.

The petitioner has now filed a third motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. On June 1, 2010, the magistrate judge issued a report and recommendation recommending that the petitioner's § 2255 motion be denied with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure

to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

Title 28, United States Code, Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. A § 2255 petition is successive when the first petition was dismissed on the merits. <u>Harvey v. Horan</u>, 278 F.3d 370, 379 (4th Cir. 2002).

In this case, the petitioner's first § 2255 motion, filed on August 29, 2002, was considered and denied on the merits. His second § 2255 motion, filed on June 4, 2007, was also considered and denied on August 28, 2009. The petitioner's current § 2255 motion challenges the same sentence that was challenged in his

previous § 2255 motions. Thus, the magistrate judge found that the petitioner's current motion is a successive petition and that the petitioner did not obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion in this Court. Accordingly, the magistrate judge recommended that the petitioner's current § 2255 motion be denied with prejudice.

This Court finds no clear error in the magistrate judge's report and recommendation. Because the petitioner did not obtain the appropriate authorization from the United States Court of Appeals for the Fourth Circuit to file a third or successive § 2255 petition, this Court must dismiss petitioner's § 2255 petition with prejudice for lack of jurisdiction. Accordingly, this Court concludes that the magistrate judge's recommendations concerning the petitioner's § 2255 petition be affirmed and adopted.

## IV. Conclusion

Because the petitioner has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 30, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE